IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

**Civil Action No. 1:19-CV-1209-LCB-JLW**

| | |
|---|---|
| SENECA INSURANCE COMPANY, INC.<br><br>        Plaintiff,<br><br>v.<br><br>FAYETTEVILLE CROSS CREEK, LLC and BLUE RIDGE PROPERTY MANAGEMENT, LLC,<br><br>        Defendants. | |

## JOINT STATUS REPORT AND JOINT MOTION TO STAY THE CASE

NOW COME the Parties, Plaintiff, Seneca Insurance Company, Inc. ("Seneca"), and Defendants, Fayetteville Cross Creek, LLC ("FCC") and Blue Ridge Property Management, LLC ("Blue Ridge") (collectively "Defendants"), by and through counsel, and provide the following Status Report pursuant to the Court's July 12, 2021 Order (ECF No. 29). Further, the Parties jointly move this Court to enter an Order staying this case until there is a final judgment or other resolution in the Underlying Litigation. By way of Status Report and in support of their Motion, the Parties state as follows:

    1.    On February 27, 2020, Seneca filed its First Amended Complaint for Declaratory Judgment in this matter (ECF No. 13), which seeks a determination that Seneca does not owe a duty to defend or indemnify Defendants under a general liability policy

issued to the Defendants in connection with the lawsuit styled *McMillan et al. v. Blue Ridge Companies, Inc., et al.*, 18-CVS-4991 (Cumberland County Superior Court) (the "Underlying Litigation").

2. Defendants filed a Motion to Dismiss or Stay, on the grounds that the Underlying Litigation was still pending and no judgment had been entered against them. (ECF No. 14.) In an Order entered on March 24, 2021, this Court granted in part and denied in part Defendants' Motion to Dismiss or Stay. The Court ruled that the duty-to-defend claims could proceed, but it stayed the duty-to-indemnify claims because they were not ripe. (ECF No. 22). The Court stated:

> The Court finds that Plaintiff's claims dealing with the duty to defend are ripe for adjudication while its claims asking for relief from a duty to indemnify may only be resolved with the final disposition of the underlying litigation. In the interests of judicial economy, the Court will allow Plaintiff's first three requests for relief to proceed pending the filing of motions and briefs in support thereof while staying the final two requests until such questions are resolved either by a declaratory judgment in this Court or become ripe with the resolution of the underlying case.

(ECF No. 22 at 9.)

3. On April 7, 2021, the Defendants filed an Answer and Counterclaims. Blue Ridge has asserted counterclaims against Seneca for a declaratory judgment on the duty to defend and duty to indemnify, breach of contract, bad faith, and unfair and deceptive trade practices. (ECF No. 23.) Seneca disputes the validity of Blue Ridge's counterclaims.

4. Thereafter, the Parties reached an agreement that Seneca will continue to defend the Defendants under a reservation of rights to deny coverage for indemnity until

the final resolution of the Underlying Litigation.[1] Thus, Seneca's duty-to-defend claims are moot. (ECF No. 28 at 2.)

5. On July 12, 2021, this Court entered an Order staying this case because the Underlying Litigation had not resolved. At that time, the Underlying Litigation was pending before the North Carolina Supreme Court following an appeal from the trial court's ruling granting plaintiffs' motion for class certification. This Court ruled that the case was stayed as long as the Underlying Litigation was pending before the Supreme Court and instructed the Parties to submit a Status Report within 30 days after the Supreme Court's mandate was issued. (ECF No. 29.)

6. On December 17, 2021, the Supreme Court issued an opinion affirming the trial court's ruling that certified three classes of plaintiffs with claims against Blue Ridge. *McMillan v. Blue Ridge Companies, et al.*, 2021-NCSC-160, ___ N.C. ___, 851 S.E.2d 41 (Dec. 17, 2021) (attached as Exhibit A.) The mandate was issued on January 6, 2022, and the case has now been remanded to the trial court.

7. The parties in the Underlying Litigation have requested a status conference with the trial judge to address various pretrial issues. In particular, Blue Ridge intends to file a dispositive motion based on the Legislature's recent amendment to N.C. Gen. Stat. § 42-46, which addresses the fees that a landlord can charge tenants. Senate Bill 644, which is attached as Exhibit B, became law on July 2, 2021, while the Underlying Litigation was pending in the Supreme Court. This is the first opportunity that the parties have to seek a

---

[1] Defendants dispute whether Seneca's reservation of rights is valid.

ruling from the trial court on the amended statute's effect on the claims in the Underlying Litigation. Blue Ridge contends that the amended statute, which is expressly retroactive, authorizes the fees at issue in the Underlying Litigation and mandates dismissal of plaintiffs' claims. A recent decision from Judge Eagles in a similar case supports Blue Ridge's position. *Tiffany Bass v. Weinstein Management Co., Inc., et al.*, No. 1:20-CV-00916 (Sept. 8, 2021 M.D.N.C.) (attached as Exhibit C).

8. If the trial court grants Blue Ridge's motion in the Underlying Litigation and dismisses plaintiffs' claims, then the indemnity claims at issue in this coverage litigation will likely become moot. Further, this Court has already stayed Seneca's indemnity claims pending the outcome of the Underlying Litigation. (ECF No. 22.) The Parties respectfully submit that Blue Ridge's counterclaims should also be stayed until there has been a final judgment or other resolution of the Underlying Litigation to avoid piecemeal litigation and to allow all claims in this case to proceed at the same time.

9. The Parties believe that a stay would save the Parties and Court time and resources and serve the interests of judicial and party economy. After there is a final judgment or settlement of the Underlying Litigation, the Parties will be in a better position to assess their claims and defenses in this insurance coverage litigation.

WHEREFORE, the Parties respectfully request that this Court enter an Order staying this matter until there has been a final judgment or other resolution of the Underlying Litigation. The Parties propose that they provide a status report to the Court within 60 days after the trial court rules on Blue Ridge's dispositive motion in the Underlying Litigation.

Respectfully submitted this 27th day of January, 2022.

| **Kilpatrick Townsend & Stockton LLP** | **James, McElroy & Diehl, P.A.** |
|---|---|

*/s/ Susan H. Boyles*
Susan H. Boyles (NC Bar No. 20877)
Whitney R. Pakalka (NC Bar No. 52611)
1001 West Fourth Street
Winston-Salem, NC 27101-2400
T: 336.607.7417
F: 336.734-2649
Email: sboyles@kilpatricktownsend.com
wpakalka@kilpatricktownsend.com

*Counsel for Defendants Fayetteville Cross Creek, LLC and Blue Ridge Property Management, LLC*

*/s/ Adam L. Ross*
Adam L. Ross (NC Bar No. 31766)
525 North Tryon Street, Suite 700
Charlotte, NC 28202
T: 704.372.9870
F: 704.333.5508
Email: aross@jmdlaw.com

*Counsel for Seneca Insurance Company*

**Kennedys CMK LLP**

*/s/ Josh Levy*
Josh Levy (FL Bar No. 668311)
*Admitted Pro Hac Vice*
1395 Brickell Avenue, Suite 640
Miami, FL 33131
T: 305.371-1111
Email: josh.levy@kennedyslaw.com

*Counsel for Seneca Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2022, a copy of the foregoing **JOINT STATUS REPORT AND JOINT MOTION TO STAY THE CASE** was served on Plaintiff's counsel via this Court's CM/ECF System as follows:

Adam L. Ross – aross@jmdlaw.com
Josh Levy – josh.levy@kennedyslaw.com

                         **Kilpatrick Townsend & Stockton LLP**

                         */s/ Susan H. Boyles*
                         Susan H. Boyles (NC Bar No. 20877)
                         Whitney R. Pakalka (NC Bar No. 52611)
                         1001 West Fourth Street
                         Winston-Salem, NC 27101-2400
                         T: 336.607.7417
                         F: 336.734-2649
                         Email: sboyles@kilpatricktownsend.com
                                                wpakalka@kilpatricktownsend.com

                         *Counsel for Defendants Fayetteville Cross Creek, LLC and Blue Ridge Property Management, LLC*