# EXHIBIT B

**EXHIBIT B**

SESSION LAW 2021-71
SENATE BILL 644

AN ACT TO CLARIFY AND REAFFIRM THE STATUTORY AUTHORITY OF LANDLORDS TO RECOVER OUT-OF-POCKET EXPENSES AND LITIGATION COSTS IN SUMMARY EJECTMENT PROCEEDINGS AND TO MAKE VARIOUS CHANGES TO THE LANDLORD/TENANT STATUTES.

The General Assembly of North Carolina enacts:

**PART I. CLARIFICATION AND REAFFIRMATION OF RECOVERY OF OUT-OF-POCKET EXPENSES AND LITIGATION COSTS IN SUMMARY EJECTMENTS**

**SECTION 1.1.** G.S. 42-46 reads as rewritten:
"**§ 42-46. Authorized** ~~late fees and eviction fees.~~**fees, costs, and expenses.**

(a) <u>Late Fee. –</u> In all residential rental agreements in which a definite time for the payment of the rent is fixed, the parties may agree to a late fee not inconsistent with the provisions of this subsection, to be chargeable only if any rental payment is five days or more late. If the rent:

    (1)    Is due in monthly installments, a landlord may charge a late fee not to exceed fifteen dollars ($15.00) or five percent (5%) of the monthly rent, whichever is greater.

    (2)    Is due in weekly installments, a landlord may charge a late fee not to exceed four dollars ($4.00) or five percent (5%) of the weekly rent, whichever is greater.

    (3)    Repealed by Session Laws 2009-279, s. 4, effective October 1, 2009, and applicable to leases entered into on or after that date.

(b)    A late fee under subsection (a) of this section may be imposed only one time for each late rental payment. A late fee for a specific late rental payment may not be deducted from a subsequent rental payment so as to cause the subsequent rental payment to be in default.

(c)    Repealed by Session Laws 2009-279, s. 4, effective October 1, 2009, and applicable to leases entered into on or after that date.

(d)    A lessor shall not charge a late fee to a lessee pursuant to subsection (a) of this section because of the lessee's failure to pay for water or sewer services provided pursuant to G.S. 62-110(g).

(e)    <u>Complaint-Filing Fee. –</u> Pursuant to a written lease, a landlord may charge ~~a~~ <u>an administrative</u> complaint-filing fee not to exceed fifteen dollars ($15.00) or five percent (5%) of the monthly rent, whichever is greater, only if the tenant was in default of the lease, the landlord filed and served a complaint for summary ejectment and/or money owed, the tenant cured the default or claim, and the landlord dismissed the complaint prior to judgment. The landlord can include this fee in the amount required to cure the default.

(f)    <u>Court-Appearance Fee. –</u> Pursuant to a written lease, a landlord may charge ~~a~~ <u>an administrative</u> court-appearance fee in an amount equal to ten percent (10%) of the monthly rent only if the tenant was in default of the lease and the landlord filed, served, and prosecuted successfully a complaint for summary ejectment and/or monies owed in the small claims court.



If the tenant appeals the judgment of the magistrate, and the magistrate's judgment is vacated, any fee awarded by a magistrate to the landlord under this subsection shall be vacated.

(g) Second Trial Fee. – Pursuant to a written lease, a landlord may charge a second ~~administrative~~ trial fee for a new trial following an appeal from the judgment of a magistrate. To qualify for the fee, the landlord must prove that the tenant was in default of the lease and the landlord prevailed. The landlord's fee may not exceed twelve percent (12%) of the monthly rent in the lease.

(h) Limitations on Charging and Collection of ~~Fees.~~ Administrative Fees and Out-of-Pocket Expenses and Litigation Costs.

    (1) A landlord who claims administrative fees under subsections (e) through (g) of this section is entitled to charge and retain only one of the above fees for the landlord's complaint for summary ejectment and/or money owed.

    (2) A landlord who earns ~~a~~ an administrative fee under subsections (e) through (g) of this section may not deduct payment of that fee from a tenant's subsequent rent payment or declare a failure to pay the fee as a default of the lease for a subsequent summary ejectment action.

    (3) It is contrary to public policy for a landlord to put in a lease or claim any administrative fee for filing a complaint for summary ejectment and/or money owed other than the ones expressly authorized by subsections (e) through (g) ~~[and]~~ (i) of this ~~section, and a reasonable attorney's fee as allowed by law.~~ section. This limitation does not apply to out-of-pocket expenses or litigation costs.

    (3a) It is contrary to public policy for a landlord to claim, or for a lease to provide for the payment of, any out-of-pocket expenses or litigation costs for filing a complaint for summary ejectment and/or money owed other than those expressly authorized under subsection (i) of this section.

    (4) Any provision of a residential rental agreement contrary to the provisions of this section is against the public policy of this State and therefore void and unenforceable.

    (5) If the rent is subsidized by the United States Department of Housing and Urban Development, by the United States Department of Agriculture, by a State agency, by a public housing authority, or by a local government, any fee charged pursuant to this section shall be calculated on the tenant's share of the contract rent only, and the rent subsidy shall not be included.

(i) Out-of-Pocket ~~Expenses.~~ Expenses and Litigation Costs. – In addition to the late fees referenced in subsections (a) and (b) of this section and the administrative fees of a landlord referenced in subsections (e) through (g) of this section, a landlord ~~is also~~ also is permitted to charge and recover from a tenant the following actual out-of-pocket expenses:

    (1) Filing fees charged by the court.

    (2) Costs for service of process pursuant to G.S. 1A-1, Rule 4 of the North Carolina Rules of Civil Procedure and G.S. 42-29.

    (3) Reasonable attorneys' fees actually ~~incurred,~~ paid or owed, pursuant to a written lease, not to exceed fifteen percent (15%) of the amount owed by the tenant, or fifteen percent (15%) of the monthly rent stated in the lease if the eviction is based on a default other than the nonpayment of rent.

(j) The out-of-pocket expenses and litigation costs listed in subsection (i) of this section are allowed to be included by the landlord in the amount required to cure a default.

(k) As used in this section, the term "administrative fees" does not include out-of-pocket expenses, litigation costs, or other fees."

**SECTION 1.2.** This Part is effective when it becomes law and is intended to apply retroactively to all pending controversies as of that date. The amendments contained in this Part

are intended to be clarifying of the General Assembly's intent under previous amendments to this statute.

**PART II. VARIOUS CHANGES TO LANDLORD/TENANT STATUTES**
**SECTION 2.1.** Article 1 of Chapter 42 of the General Statutes is amended by adding a new section to read:
"**§ 42-14.5. Foreseeability not created by criminal record; no duty to screen.**
Notwithstanding any other duty or obligation which may be defined by this Chapter or otherwise provided by law or any theory of liability, the criminal record of any prospective or current residential lessee, occupant, or guest shall not make any future injury or damage arising from that residential lessee, occupant, or guest foreseeable by the residential lessor or residential lessor's agent, nor shall a residential lessor or a residential lessor's agent have a duty to screen for, or to refuse to rent because of, the criminal record of a prospective or current residential lessee, occupant, or guest. This statute does not prohibit a residential lessor or residential lessor's agent from using a criminal background check as grounds for refusing to rent to any prospective residential lessee or current lessee."
**SECTION 2.2.** G.S. 42-25.7 reads as rewritten:
"**§ 42-25.7. Distress and distraint not permitted.**
It is the public policy of the State of North Carolina that distress and distraint are prohibited and that landlords of residential rental property shall have rights concerning the personal property of their residential tenants only in accordance with G.S. 42-25.9(d), 42-25.9(g), 42-25.9(h), 42-36.2, 28A-25-2, or 28A-25-7."
**SECTION 2.3.** G.S. 28A-25-1 reads as rewritten:
"**§ 28A-25-1. Collection of property by affidavit when decedent dies intestate.**
(a) When a decedent dies intestate leaving personal property, less liens and encumbrances thereon, not exceeding twenty thousand dollars ($20,000) in value, at any time after 30 days from the date of death, any person indebted to the decedent or having possession of tangible personal property or an instrument evidencing a debt, obligation, stock or chose in action belonging to the decedent shall make payment of the indebtedness or deliver the tangible personal property or an instrument evidencing a debt, obligation, stock or chose in action to a person claiming to be the public administrator appointed pursuant to G.S. 28A-12-1, or an heir or creditor of the decedent, not disqualified under G.S. 28A-4-2, upon being presented a certified copy of an affidavit filed in accordance with subsection (b) and made by or on behalf of the heir or creditor or the public administrator stating:
   (1) The name and address of the affiant and the fact that the affiant is the public administrator or an heir or creditor of the decedent;
   (2) The name of the decedent and the decedent's residence at time of death;
   (3) The date and place of death of the decedent;
   (4) That 30 days have elapsed since the death of the decedent;
   (5) That the value of all the personal property owned by the estate of the decedent, less liens and encumbrances thereon, does not exceed twenty thousand dollars ($20,000);
   (6) That no application or petition for appointment of a personal representative is pending or has been granted in any jurisdiction;
   (7) The names and addresses of those persons who are entitled, under the provisions of the Intestate Succession Act, to the personal property of the decedent and their relationship, if any, to the decedent; and
   (8) A description sufficient to identify each tract of real property owned by the decedent at the time of the decedent's death.
In those cases in which the affiant is the surviving spouse and sole heir of the decedent, not disqualified under G.S. 28A-4-2, the property described in this subsection that may be collected

pursuant to this section may exceed twenty thousand dollars ($20,000) in value but shall not exceed thirty thousand dollars ($30,000) in value, after reduction for any spousal allowance paid to the surviving spouse pursuant to G.S. 30-15. In such cases, the affidavit shall state: (i) the name and address of the affiant and the fact that the affiant is the surviving spouse and is entitled, under the provisions of the Intestate Succession Act, to all of the property of the decedent; (ii) that the value of all of the personal property owned by the estate of the decedent, less liens and encumbrances thereon, does not exceed thirty thousand dollars ($30,000); and (iii) the information required under subdivisions (2), (3), (4), (6), and (8) of this subsection.

…

(d) The public administrator or an heir that has presented an affidavit as provided in subsection (a) of this section shall be entitled to remove or otherwise dispose of the decedent's personal property located in the demised premises."

**SECTION 2.4.** G.S. 28A-25-1.1 reads as rewritten:

"**§ 28A-25-1.1. Collection of property by affidavit when decedent dies testate.**

(a) When a decedent dies testate leaving personal property, less liens and encumbrances thereon, not exceeding twenty thousand dollars ($20,000) in value, at any time after 30 days from the date of death, any person indebted to the decedent or having possession of tangible personal property or an instrument evidencing a debt, obligation, stock or chose in action belonging to the decedent shall make payment of the indebtedness or deliver the tangible personal property or an instrument evidencing a debt, obligation, stock or chose in action to a person claiming to be the public administrator appointed pursuant to G.S. 28A-12-1, a person named or designated as executor in the will, devisee, heir or creditor, of the decedent, not disqualified under G.S. 28A-4-2, upon being presented a certified copy of an affidavit filed in accordance with subsection (b) and made by or on behalf of the heir, the person named or designated as executor in the will of the decedent, the creditor, the public administrator, or the devisee, stating:

(1) The name and address of the affiant and the fact that the affiant is the public administrator, a person named or designated as executor in the will, devisee, heir or creditor, of the decedent;
(2) The name of the decedent and the decedent's residence at time of death;
(3) The date and place of death of the decedent;
(4) That 30 days have elapsed since the death of the decedent;
(5) That the decedent died testate leaving personal property, less liens and encumbrances thereon, not exceeding twenty thousand dollars ($20,000) in value;
(6) That the decedent's will has been admitted to probate in the court of the proper county and a duly certified copy of the will has been recorded in each county in which is located any real property owned by the decedent at the time of the decedent's death;
(7) That a certified copy of the decedent's will is attached to the affidavit;
(8) That no application or petition for appointment of a personal representative is pending or has been granted in any jurisdiction;
(9) The names and addresses of those persons who are entitled, under the provisions of the will, or if applicable, of the Intestate Succession Act, to the property of the decedent; and their relationship, if any, to the decedent; and
(10) A description sufficient to identify each tract of real property owned by the decedent at the time of the decedent's death.

In those cases in which the affiant is the surviving spouse, is entitled to all of the property of the decedent, and is not disqualified under G.S. 28A-4-2, the property described in this subsection that may be collected pursuant to this section may exceed twenty thousand dollars ($20,000) in value but shall not exceed thirty thousand dollars ($30,000) in value, after reduction for any spousal allowance paid to the surviving spouse pursuant to G.S. 30-15. In such cases, the

affidavit shall state: (i) the name and address of the affiant and the fact that the affiant is the surviving spouse and is entitled, under the provisions of the decedent's will, or if applicable, of the Intestate Succession Act, to all of the property of the decedent; (ii) that the decedent died testate leaving personal property, less liens and encumbrances thereon, not exceeding thirty thousand dollars ($30,000); and (iii) the information required under subdivisions (2), (3), (4), (6), (7), (8), and (10) of this subsection.

…

(d) The public administrator, person named or designated as executor in the will, devisee, or heir that has presented an affidavit as provided in subsection (a) of this section shall be entitled to remove or otherwise dispose of the decedent's personal property located in the demised premises."

**SECTION 2.5.** G.S. 28A-25-2 reads as rewritten:

"**§ 28A-25-2. Effect of affidavit.**

The person paying, delivering, transferring or issuing personal property or the evidence thereof pursuant to an affidavit meeting the requirements of G.S. 28A-25-1(a) or G.S. 28A-25-1.1(a) is discharged and released to the same extent as if the person dealt with a duly qualified personal representative of the decedent. A lessor or lessor's agent of the demised premises that, at the direction of an affiant authorized pursuant to G.S. 28A-25-1(d) or G.S. 28A-25-1.1(d), removes, throws away, or otherwise disposes of the personal property located in demised premises is discharged and released to the same extent as if the lessor dealt with a duly qualified personal representative of the decedent. The person or lessor is not required to see to the application of the personal property or evidence thereof or to inquire into the truth of any statement in the affidavit. If any person to whom an affidavit is delivered refuses to pay, deliver, transfer, or issue any personal property or evidence thereof, it may be recovered or its payment, delivery, transfer, or issuance compelled upon proof of their right in an action brought for that purpose by or on behalf of the persons entitled thereto. The court costs and attorney's fee incident to the action shall be taxed against the person whose refusal to comply with the provisions of G.S. 28A-25-1(a) or G.S. 28A-25-1.1(a) made the action necessary. The heir or creditor to whom payment, delivery, transfer or issuance is made is answerable and accountable therefor to any duly qualified personal representative or collector of the decedent's estate or to any other person having an interest in the estate."

**SECTION 2.6.** Sections 2.3, 2.4, and 2.5 are effective when they become law and apply to decedents dying on or after that date. The remainder of this Part is effective when it becomes law.

**PART III. EFFECTIVE DATE**

**SECTION 3.1.** Except as otherwise provided, this act is effective when it becomes law.

In the General Assembly read three times and ratified this the 23rd day of June, 2021.

        s/ Phil Berger
          President Pro Tempore of the Senate

        s/ Tim Moore
          Speaker of the House of Representatives

        s/ Roy Cooper
          Governor

Approved 11:59 a.m. this 2nd day of July, 2021