# EXHIBIT A

**EXHIBIT A**

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF CUMBERLAND | SUPERIOR COURT DIVISION |
| | CASE NO. 18-CVS-4991 |

ELIZABETH MCMILLAN and
TIFFANY SCOTT

         Plaintiffs,

v.

BLUE RIDGE PROPERTY
MANAGEMENT, LLC

         Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT ON THE PLEADINGS AND GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

      This matter is before the Court on Plaintiffs' Elizabeth McMillan and Tiffany Scott ("Plaintiffs") Motion for Declaratory Judgment, filed on February 28, 2022 and Blue Ridge Property Management, LLC ("Defendant" or "BRPM") Defendant's Motion for Judgment on the Pleadings, filed on February 15, 2022.

## PROCEDURAL HISTORY

      1.    Plaintiffs filed their Complaint on behalf of three putative classes against BRPM, Blue Ridge Companies, Inc., BRC Cross Creek, LLC and Fayetteville Cross Creek LLC d/b/a Legacy at Cross Creek on July 16, 2018 asserting claims for violation of the North Carolina Residential Agreements Act, specifically N.C. Gen. Stat. § 42-46, the Residential Rental Agreements Act ("RRAA"); violation of the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50, et seq. ("NCDCA"); violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, et seq. ("UDTPA"); and seeking a declaratory judgment and a preliminary injunction. Plaintiffs subsequently filed notices of voluntary dismissal without prejudice as to all parties other than BRPM.

      2.    Plaintiffs challenged the legality of court filing fees, sheriff service fees, and attorneys' fees (hereinafter identified to as "Eviction Fees") charged, collected, or attempted to be collected from Defendant's tenants associated with the filing of a complaint in summary ejectment.

3. Plaintiffs also challenged the legality of the charging, collecting, or attempted collection of Complaint-Filing Fees pursuant to N.C.G.S. § 42-46(e) ("Complaint Filing Fees").

4. At the time Defendant collected the Eviction Fees, N.C.G.S. § 42-46 (2009) ("the 2009 Statute"), read as follows:

> It is contrary to public policy for a landlord to put in a lease or claim any fee for filing a complaint for summary ejectment and/or money owed other than the ones expressly authorized by subsections (e) through (g) of this section, and a reasonable attorney's fee as allowed by law. N.C.G.S. § 42-46(h)(3) (2009).

5. On June 25, 2018, an amendment to § 42-46 (the "2018 Amendment") was enacted allowing the assessment of Eviction Fees and removing the basis for Plaintiffs' claims.

6. On November 15, 2019, this Court held that the text of N.C. Gen. Stat. § 42-46 was not ambiguous and that the 2018 Amendment was a substantive amendment which was not entitled to retroactive effect. The Court further held Defendant violated (a) N.C. Gen. Stat. § 42-46 (2009) in its collection of attorneys' fees and other costs related to tenant evictions and (b) N.C. Gen. Stat. § 75-55(2) by attempting to collect costs that it was not authorized to collect. *See* November 15, 2019 Order on Plaintiffs' Partial Motion for Judgment on the Pleadings.

7. During the pendency of this action, N.C. Gen. Stat. § 42-46 was again amended by the General Assembly on July 2, 2021 ("2021 Amendment"). 2021 N.C. Sess. Laws 71 (2021).

8. The 2021 Amendment made *de minimis* changes to the substance of the 2018 Amendment but noted the 2021 Amendment "is intended to apply retroactively to all pending controversies as of that date" and is "intended to be clarifying of the General Assembly's intent under previous amendments to this statute." *Id.* at § 1.2 (2021).

9. The 2021 Amendment did not amend § 42-46 (e)-(g), which relates to Complaint Filing Fees. § 42-46 (e)-(g) remains unchanged from the 2009 Statute.

10. The Parties subsequently filed the instant motions regarding whether the 2021 Amendment should retroactively apply to this action.

## CONCLUSIONS OF LAW

11. The Court does not make findings of fact on a motion for judgment on the pleadings under N.C. R. Civ. P. 12(c). *QUH Studios, LLC v. Marsh*, 822 S.E.2d 113, 121 (N.C. Ct. App. 2018). Upon consideration of a N.C. R. Civ. P. 12(c) motion, the presiding judge should consider the factual allegations of the pleadings. *Lane v. Griswold*, 273 N.C. 1, 13, 159 S.E.2d 338, 346 (1968).

12. "Judgment on the pleadings, pursuant to Rule 12(c) is appropriate when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Builders Mut. Ins. Co. v. Glascarr Props., Inc.*, 202 N.C. App. 323, 324, 688 S.E.2d 508, 510 (2010) (quoting *Groves v. Cmty. Haus. Corp.*, 144 N.C. App. 79, 87, 548 S.E.2d 535, 540 (2001)). When reviewing the motion, the trial court must view the facts alleged in the pleadings and all inferences drawn therefrom in the light most favorable to the non-moving party. *Am. Bank & Trust Co. v. Elzey*, 26 N.C. App. 29, 32, 214 S.E.2d 800, 802 (1975).

13. The Court finds Plaintiff's Motion for Declaratory Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings present only questions of law.

14. Initially, in North Carolina, there are generally two manners in which legislative amendments can have retroactive effect. First, an amendment that "clarifies" rather than "alters" a statute may be retroactively applied without constitutional concern. Second, an amendment that alters a statute may be retroactively applied if retroactive application does not infringe upon constitutional rights.

15. Whether an amendment is clarifying or altering is a legal question for the Court. *Ray v. N.C. Dep't of Transp.*, 366 N.C. 1, 9, 727 S.E.2d 675, 681 (2012).

16. "To determine whether the amendment clarifies the prior law or alters it requires a careful comparison of the original and amended statutes." *Bryant v. United States*, 768 F.3d 1378, 1385 (11th Cir. 2014) (quoting *Ferrell v. Dep't of Transp.*, 334 N.C. 650, 659 (1993)).

17. After comparison of the text of N.C. Gen. Stat. § 42-46 as it existed prior to the 2021 Amendment and the text as amended by the 2021 Amendment, the Court finds that the 2021 Amendment alters and does not clarify the RRAA.

18. Because the 2021 Amendment alters the text of the RRAA by retroactively permitting the Eviction Fees assessed by Defendants against Plaintiff, the Court must analyze whether retroactive application of the amended statute violates Plaintiff's constitutional rights.

19. The text of the 2021 amendment provides: "This Part is effective when it becomes law and is intended to apply retroactively to all pending controversies as of that date. The amendments contained in this Part are intended to be clarifying of the General Assembly's intent under previous amendments to this statute." 2021 Sess. Law 71 § 1.2 (2021).

20. By its plain language, the 2021 amendment applies retroactively to all cases brought under the RRAA that were pending at the time of its enactment on July 2, 2021, including Plaintiffs' claims against Defendant.

21. Whether an altering amendment runs afoul of the North Carolina Constitution depends on "whether the act as applied will interfere with rights which had vested or liabilities which had accrued at the time it took effect." *Bolick v. Am. Barmag Corp.*, 306 N.C. 364, 371, 293 S.E.2d 415, 420 (1982).

22. A common law cause of action vests with injury. *Id.* A statutory cause of action does not vest until final judgment is entered. *Bray v. Williams*, 153 N.C. 360, 360, 69 S.E. 402, 403 (1905); *Lexington Grocery Co. v. S. Ry. Co.*, 136 N.C. 396, 48 S.E. 801, 803 (1904); *Dyer v. Ellington*, 126 N.C. 941, 941, 36 S.E. 177, 177-78 (1900).

23. Plaintiffs' cause of action arises from statute, N.C. Gen. Stat. § 42-46, and not the common law. Therefore, Plaintiffs' right in the cause of action will vest upon final judgment.

24. Because Plaintiffs' claims have not yet reached final judgment and therefore have not vested, the 2021 Amendment does not violate Plaintiffs' rights under the North Carolina Constitution by revoking the statutory basis for those claims.

25. The Court finds that the retroactivity provision of the 2021 Amendment is constitutional as applied to Plaintiffs claims because Plaintiffs do not have any vested right in her claims.

26. Because N.C. Gen. Stat. § 42-46 as amended retroactively allows Defendant to lawfully collect the Eviction Fees, Plaintiffs' claims under the RRAA, NCDCA, and UDTPA fail.

For the foregoing reasons, **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**:

1. Plaintiffs' Motion for Declaratory Judgment on the Pleadings is **DENIED** with respect to the 2021 Amendment.

2. Defendant's Motion for Judgment on the Pleadings is **GRANTED**, and Plaintiffs' claims against the Defendant are dismissed with prejudice.

This is the 21st day of June, 2022.

*Rebecca W. Holt*

The Hon. Rebecca W. Holt
Superior Court Judge
10th Superior Court District